1
2
3
4
5
6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9

10

11

12

13

14

15

16

CARPENTERS HEALTH AND SECURITY
TRUST OF WESTERN WASHINGTON;
CARPENTERS RETIREMENT TRUST OF
WESTERN WASHINGTON; CARPENTERS-
EMPLOYERS VACATION TRUST OF
WESTERN WASHINGTON; and
CARPENTERS-EMPLOYERS
APPRENTICESHIP AND TRAINING TRUST
OF WESTERN WASHINGTON,

Plaintiffs,

v.

GIFFORD INDUSTRIES, INC., a Washington
corporation,

Defendant.

Case No. 2:19-cv-00258

COMPLAINT FOR EQUITABLE
RELIEF AND FOR MONETARY
DAMAGES

17

## I. PARTIES

18    1.1    Plaintiff Carpenters Health and Security Trust of Western Washington

19  ("Carpenters Health Trust") is a Taft-Hartley trust fund established to provide and maintain

20  hospital, medical, dental, vision, disability or death benefits and any other similar benefits,

21  or any combination thereof as the Trustees may determine in their discretion for the benefit

22  of the Employees and their beneficiaries.   The Carpenters Health Trust maintains its

23  principal office in Seattle, King County, Washington.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 1
2:19-cv-00258
1700 012 tj091906

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1.2     Plaintiff Carpenters Retirement Trust of Western Washington ("Carpenters Retirement Trust") is a Taft-Hartley trust fund established to provide retirement and associated death benefits for employees and their beneficiaries.  The Carpenters Retirement Trust maintains its principal office in Seattle, King County, Washington.

1.3     Plaintiff Carpenters-Employers Vacation Trust of Western Washington ("Carpenters Vacation Trust") is a Taft-Hartley trust fund established to provide vacation benefits for employees.  The Carpenters Vacation Trust maintains its principal office in Seattle, King County, Washington.

1.4     Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund established to defray, in whole or in part, costs of apprenticeship or other training programs for the education of apprentices and journeymen carpenters.  The Carpenters Apprenticeship Trust maintains its principal office in Seattle, King County, Washington.

1.5     The Plaintiffs are commonly known as and referred to collectively as the Carpenters Trusts of Western Washington (or the "Carpenters Trusts").

1.6     Defendant Gifford Industries, Inc. ("Gifford Industries") is a Washington corporation with its principal place of business in Edmonds, Snohomish County, Washington.

## II. <u>JURISDICTION AND VENUE</u>

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 2
2:19-cv-00258
1700 012 tj091906

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### III. FACTS

3.1     In 2016, Harvey Gifford, identifying himself as "Owner," or Caitlin Durney, identifying herself as "Accounting" or "Contracts Compliance," executed multiple Project Agreements on behalf of Gifford Industries, Inc. with the Pacific Northwest Regional Council of Carpenters (the "Union").   The Project Agreements, which are identical in language, incorporate by reference the terms and conditions of the *2015 – 2018 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters affiliate of the United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2015 (the "Master Labor Agreement"):

> 1. DESIGNATED LABOR AGREEMENT: The employer adopts and agrees to abide by the following Labor Agreement:
>
> ☒ Western & Central WA Master Labor Agreement Rep by: AGC of Western WA Effective: 6/1/15 to 5/31/18.

3.2     The Project Agreements covered work performed by Gifford Industries on a variety of projects in Western Washington including the Thorton Creek Building and Zeek's Pizza projects in Seattle; the Boys & Girls Club Main Campus project in Bellevue; the Issaquah Middle School project in Issaquah; the Tahoma High School project in Maple Valley; and the Mercer Island Middle School project in Mercer Island.

3.3     By signing the Project Agreements, Gifford Industries agreed to make fringe benefit contributions to the Carpenters Trusts and be bound by the terms and conditions of their respective trust agreements:

> 6. TRUST FUND OBLIGATIONS: The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor

Agreement.   The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, and any present or future amendments, and to any successor Trust Agreements. Employer accepts as its lawful representatives, the employer trustees who are now or who may hereafter serve on the Board of Trustees of the respective Trusts as determined by the Trust Agreements.

3.4     Prompt payment of wages and fringe benefit contributions is an essential term of the Project Agreements.

3.5     The Carpenters Trusts are beneficiaries under the terms of the Project Agreements and the Master Labor Agreement.

3.6     By executing the Project Agreements, as discussed above, Gifford Industries agreed to the terms of the (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-Employers Vacation Trust of Western Washington; and (iv) Carpenters-Employers Apprenticeship and Training Trust of Western Washington.

3.7     Gifford Industries' obligations under the Carpenters Health Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington*, dated January 1, 1998, and as amended.   Under the Carpenters Health Trust, Gifford Industries agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 4
2:19-cv-00258
1700 012 tj091906

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%);  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8   Gifford Industries' obligations under the Carpenters Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Retirement Trust of Western Washington*, dated January 1, 1998, and as amended.  Under the Carpenters Retirement Trust, Gifford Industries agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%);  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9   Gifford Industries' obligations under the Carpenters Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Vacation Trust of Western Washington*, dated January 1, 1998, and as amended.  Under the Carpenters Vacation Trust, Gifford Industries agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10    Gifford Industries' obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington*, dated January 1, 1998, and as amended.  Under the Carpenters Apprenticeship Trust, Gifford Industries agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.11    Upon information and belief, following execution of the Project Agreements, Gifford Industries used employees to perform work on the above-listed projects subject to

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 6
2:19-cv-00258
1700 012 tj091906

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

the Master Labor Agreement.   Gifford Industries also began its monthly reporting and payment of fringe benefit contributions to the Carpenters Trusts.

3.12    In 2017, Gifford Industries was selected for a routine audit of its payroll and related business records to review whether the company complied with its reporting and payment of fringe benefit contributions to the Carpenters Trusts.   The audit covered the period January 1, 2016 through December 31, 2016.

3.13    In response to the auditor's requests for payroll and related business records, Gifford Industries only partially complied.   Gifford did not produce payroll journal reports and related records for at least 14 pay periods during 2016.   Gifford did not produce paystubs and related records for at least 13 pay periods during 2016.

3.14    On September 21, 2017, based upon the partial records produced by Gifford Industries, the auditor released its *Independent Accountants' Report on Applying Agreed-Upon Procedures*.   Following a review of the company's payroll and related business records, the auditor concluded that Gifford Industries owed the Carpenters Trusts $94,965.75, consisting of $75,949.86 in fringe benefit contributions, plus $9,113.99 in liquidated damages, $9,001.90 in interest, and $900 in accounting fees.

3.15    On January 29, 2019, the *Agreed-Upon Procedures Report* was amended to correct the September 2017 report, which erroneously assigned all discrepancies to one of the six projects Gifford Industries had worked on during the audit period.   The amounts listed in the amended report remained the same, except for updated interest of $21,361.96 due to non-payment, which increased the amount owed to $108,653.31.

3.16    As of the date of this complaint, Gifford Industries has not produced the missing records, has not paid the amounts owed under the audit report, nor has Gifford

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 7
2:19-cv-00258

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Industries challenged the audit report findings by providing additional documents and materials to the Carpenters Trusts' auditor.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1     The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.16, above.

4.2     Gifford Industries' failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Project Agreements and the Master Labor Agreement between the Union and Gifford Industries, to which the Carpenters Trusts are beneficiaries.  Gifford Industries' failure to fully pay fringe benefit contributions it reported also constitutes breaches of the Trust Agreements, the terms of which Gifford Industries agreed to when it signed the Project Agreement.

4.3     As a result of Gifford Industries' breach, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $94,965.75, plus other ancillary charges including prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4     The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.16, above.

4.5     Gifford Industries' failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 8
2:19-cv-00258

1700 012 tj091906

4.6     As a result of Gifford Industries' violation, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $94,965.75, plus other ancillary charges including prejudgment interest, attorney fees, and costs of collection.

### Third Cause of Action
### (Equitable Relief)

4.7     The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 - 3.16, above.

4.8     Gifford Industries' failure to fully comply with the Carpenters Trusts' audit gives rise for a claim for equitable relief under 29 U.S.C. 1132 (a)(3).   Specifically, the Carpenters Trusts are entitled to an order compelling Gifford Industries to fully comply with the audit and the auditor's document requests.

## V.  <u>REQUESTED RELIEF</u>

The Plaintiff Carpenters Trusts respectfully request the Court grant the following relief:

A.     Entry of equitable relief, including an order compelling Gifford Industries to fully comply with the audit and the auditor's document requests;

B.     Alternatively, should Gifford Industries be unable or unwilling to fully comply with the audit and the auditor's document requests, then entry of:

    a.     Judgment against Gifford Industries, in an amount to be determined at trial, but not less than $75,949.86, representing past-due and delinquent fringe benefit contributions as set forth in the amended audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which Gifford Industries is a party;

    b.     Judgment against Gifford Industries, in an amount to be determined at trial, but not less than $9,113.99, representing liquidated damages as set forth in the amended audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which Gifford Industries is a party;

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

c.   Judgment against Gifford Industries, in an amount to be determined at trial, representing $21,361.96 in accrued prejudgment interest as set forth in the amended audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which Gifford Industries is a party;

d.   Judgment against Gifford Industries, in an amount to be determined at trial, representing additional prejudgment interest from the date of the amended audit report until judgment;

e.   Judgment against Gifford Industries, in an amount to be determined at trial, but not less than $2,227.50, representing audit fees as set forth in the amended audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which Gifford Industries is a party;

C.   An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Gifford Industries is a party, and as authorized under ERISA;

D.   An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

E.   Any other such relief under federal law or as is just and equitable.

Dated: February 22, 2019.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
  & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Plaintiff Carpenters Trusts of Western Washington

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES – 10
2:19-cv-00258
1700 012 tj091906

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900