THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GIFFORD INDUSTRIES, INC.,<br><br>Defendant. | CASE NO. C19-0258-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for summary judgment and request for attorney fees (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' motion for summary judgment and GRANTS Plaintiffs' request for attorney fees for the reasons explained herein.

I.  **BACKGROUND**

Defendant is party to multiple project agreements with the Pacific Northwest Regional Counsel of Carpenters, a carpenters' union. (Dkt. No. 19 at 8–30.) These agreements incorporate a collective bargaining agreement and require Defendant to make fringe benefit contributions to Plaintiffs as specified by several trust agreements. (*Id.* at 32–65.) The trust agreements require Defendant to provide information upon request, including for audits by Plaintiffs. (*See generally*

*id.* at 67–106.) In 2017, Plaintiffs conducted a routine audit of Defendant, and Defendant only partially complied with its requirement to provide records, failing to produce payroll journal reports, paystubs, and records for at least 13 pay periods. (*See* Dkt. Nos. 21 at 28–31, 22 at 2.) Plaintiffs' auditor concluded that Defendant owed Plaintiffs $94,965.75, consisting of $75,949.86 in fringe benefit contributions, $9,113.99 in liquidated damages, $9,001.90 in interest, and $900 in accounting fees. (Dkt. No. 20 at 5–8.) On January 29, 2019, the auditor produced an amended report that corrected discrepancies and updated the calculation of interest owed due to nonpayment. (Dkt. No. 22 at 10–15.)

Plaintiffs bring claims for (1) breach of labor and trust agreements and (2) failure to report and pay fringe benefit contributions in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3). (Dkt. No. 1.) Plaintiffs request the Court find Defendant liable for fringe benefit contributions, liquidated damages, accrued interest, post-judgment interest, accounting/audit fees, attorney fees, and costs.

## II. DISCUSSION

### A. Legal Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not

be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In a summary judgment ruling, a trial court may consider only evidence which could be admissible at trial. *See* Fed. R. Civ. P. 56(c); *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007).

### B. Motion for Summary Judgment

Under ERISA, the burden is on employers to maintain adequate business records. *See* 29 U.S.C. § 1059(a)(1); *Brick Masons Pension Trust v. Industrial Fence & Supply, Inc.*, 839 F.2d 1333, 1338–39 (9th Cir. 1988). Ninth Circuit precedent establishes that if an employer fails to keep accurate records of work, it is liable under ERISA to contribute for all hours worked by employees in which the employees are shown to have performed *some* covered work. *Brick Masons Pension Trust*, 839 F.2d at 1338–39. Thus, an employer may not defeat a motion for summary judgment and escape liability for failure to pay contributions by "hiding behind [its] failure to keep records as statutorily required." *Id.* at 1338.

It is undisputed that Defendant was bound by the terms of the trust agreements with Plaintiffs to make contributions for its employees for covered work. (*See* Dkt. No. 19 at 32–65.) These agreements required Defendant to make contributions to Plaintiffs on or before the 15th day of the calendar month immediately following the month for which the contributions are payable. (*See, e.g.*, *id.* at 79–80.) The trust agreements for the Carpenters Health and Security Trust, Retirement Trust, Vacation Trust, and Apprenticeship and Training Trust each impose a 12% liquidated damages penalty for delinquent contributions and assess interest at 7% for the first 30 days of delinquency, then 12% thereafter. (*Id.* at 79–80, 106, 116–117, 132, 141–42, 157, 167–68, 182.)

Plaintiffs have submitted evidence that Defendant underreported and underpaid fringe benefit contributions for work covered by the trust agreements. Plaintiffs' auditor concluded that,

based on the records Defendant submitted, Defendant had underreported and underpaid $75,949.86 in fringe benefit contributions between January 1, 2016 and December 31, 2016. (Dkt. No. 20 at 5–8.) In Plaintiffs' reply brief, they abandon their claim for hours for one employee, Ryan Jensen, and submit a revised audit claim summary.[1] (Dkt. Nos. 24 at 3, 25 at 10.) Thus, Plaintiffs have established that Defendant's revised unpaid contributions total $72,958.91, with liquidated damages of $8,755.08, interest of $27,728.34 (as of the noting date of this motion), and audit fees of $3,272.50. Therefore, Plaintiffs have met their burden on summary judgment burden to establish that Defendant breached the trust agreements and violated ERISA by failing to report and make contributions for fringe benefits. *See Celotex*, 477 U.S. at 324.

Inexplicably, Defendant submitted no opposition brief, yet defense counsel did file a short and argumentative declaration by the president of Defendant Gifford Industries, Harvey Gifford. (Dkt. No. 23.) It is captioned as a "declaration in response" to Plaintiffs' motion. (*Id.*) When a party is represented by an attorney, only the party's attorney may make legal arguments before the Court, so this declaration cannot be properly construed as a response. *See* W.D. Wash. Local Civ. R. 83.2(b)(5) ("When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein . . ."). Furthermore, although the declaration contains a few conclusory argumentative statements that appear to oppose the merits of Plaintiffs' motion for summary judgment, it is devoid of legal authority (Dkt. No. 23.) Thus, Plaintiffs' motion is effectively unopposed.

Gifford's declaration does contain a few conclusory statements suggesting a factual dispute regarding the total number of Defendant's unreported hours and unpaid contributions, as

---

[1] In Gifford's declaration, he states that employee Ryan Jensen is an epoxy floor applicator, not a carpenter. (Dkt. No. 23 at 4.)

well as the number of covered projects.² (*See* Dkt. No. 23 at 2–4.) The declaration also contains over 80 pages of unlabeled exhibits. (*Id.* at 5–89.) They are apparently Defendant's payroll reports, pay stubs, correspondence with Plaintiffs, and other records, but Gifford does not declare they are true and accurate copies thereof. (*See generally id.*) Gifford's statements in his declaration are made either entirely without support or vaguely cite the appendix as a whole, without explanation or analysis.³ (*See id.* at 1–4.) At summary judgment, self-serving statements are not sufficient to manufacture a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Nilsson v.* 503 F.3d at 952 n.2. Thus, Defendant has not established a material dispute to defeat Plaintiffs' motion for summary judgment. Therefore, Plaintiffs' motion for summary judgment on all claims is GRANTED.

### C. Attorney Fees

Plaintiffs also request attorney fees and costs. (*See* Dkt. No. 18 at 22–23.) ERISA authorizes the award of reasonable attorney fees and costs when a trust obtains a judgment for unpaid contributions. *See* 29 U.S.C. § 1132(g)(2). The statute also authorizes post-judgment interest at the rate specified by the plan. *See id.* As explained above, Plaintiffs have prevailed on their ERISA claim. Therefore, the Court FINDS that Plaintiffs are entitled to an award of reasonable attorney fees and costs. *See id.*

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment (Dkt. No.18) is

---

² Gifford states he only failed to pay fringe benefits for 187 hours and therefore owes only $3,201.44 in contributions. (Dkt. No. 23 at 2.) He concedes that he owes interest and attorney fees. (*See id.*)

³ Furthermore, Plaintiffs contend that some of the Defendant's exhibits were not previously produced in discovery. (*See* Dkt. No. 24 at 7–8.) Defense counsel previously submitted a declaration to the Court that Defendant "has indicated to me that he has provided to me all of his file" and "has nothing else in his possession to provide to plaintiff." (Dkt. No. 15 at 1) (attaching Defendant's discovery materials). Defendant has not provided an explanation for why these materials were not previously produced. (*See* Dkt. No. 24.) Plaintiffs have not moved for sanctions. (*See* Dkt. No. 24 at 8.)

ORDER
C19-0258-JCC
PAGE - 5

GRANTED. The Court further FINDS and ORDERS as follows:

1. Defendant is liable to Plaintiffs for the following amounts, as set forth in the January 29, 2019 amended audit report:

    a. $72,958.91 in fringe benefit contributions for the period of January 1, 2016 through December 31, 2016;

    b. $8,755.08 in liquidated damages;

    c. $27,728.34 in accrued interest through the date of the audit report; and

    d. $3,272.50 in accounting/audit fees.

2. Plaintiffs are entitled to their reasonable attorney fees and costs under 29 U.S.C. §1132(g)(2). Plaintiffs shall submit their application for attorney fees and costs to the Court within 14 days of the date this order is issued.

DATED this 28th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE