THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GIFFORD INDUSTRIES INC, <br><br> Defendant. | CASE NO. C19-0258-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 28) and Plaintiffs' application for attorney fees. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion for reconsideration and GRANTS Plaintiffs' application for attorney fees for the reasons explained herein.

I.  DISCUSSION

   A.  Motion for Reconsideration

Motions for reconsideration are disfavored. The Court will ordinarily deny such motions "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h)(1). "A motion for reconsideration should not be used to ask the court

to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Defendant argues that the Court erred when it found that it was undisputed that Defendant breached the trust agreements and violated the Employee Retirement Income Security Act of 1974 ("ERISA") by failing to report and make contributions for fringe benefits. (*See* Dkt. No. 28.) Defendant filed a short and argumentative declaration by the president of Defendant Gifford Industries, Harvey Gifford, accompanied by 80 pages of unlabeled exhibits, but Defendant did not file a brief in opposition to Plaintiffs' motion for summary judgment. (Dkt. No. 23.) Defendant's motion for reconsideration merely repeats the assertions in Mr. Gifford's declaration that Defendant only owes Plaintiffs $3,201.44. (*Compare* Dkt. No. 23 at 1–2, *with* Dkt. No. 28 at 1–3.) Thus, Defendant neither demonstrates that the Court committed manifest error nor provides new facts or legal authority that would alter the Court's ruling. *See* Local Rule 7(h)(1). Instead, Plaintiff asks the Court to "rethink what [it] had already thought through." *See Premier Harvest*, Case No. C17-0784-JCC, Dkt. No. 61 at 1. Therefore, Defendant's motion for reconsideration (Dkt. No. 28) is DENIED.

### B. Plaintiffs' Application for Attorney Fees

#### 1. Calculation of Reasonable Attorney Fees

District courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 202 (Wash. 1983). Second, the court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Kerr v. Screen*

*Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1] There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *224 Westlake, LLC v. Engstrom Prop., LLC*, 281 P.3d 693, 713 (Wash. Ct. App. 2012).

To determine a reasonable billing rate, the Court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston County*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). The applicable geographic area for determining a reasonable hourly rate for Plaintiffs' counsel is the Puget Sound region. *Id.* "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

    2. <u>Plaintiffs' Fee Application</u>

ERISA authorizes the award of reasonable attorney fees and costs when a trust obtains a judgment for unpaid contributions. *See* 29 U.S.C. § 1132(g)(2). The statute also authorizes post-judgment interest at the rate specified by the plan. *See id.* The Court previously found that Plaintiffs prevailed on their ERISA claim and are therefore entitled to entitled to an award of

---

[1] The factors set forth in *Kerr* to evaluate the reasonableness of requested fees are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70.

reasonable attorney fees and costs. (Dkt. No. 26 at 5.) The Court ordered Plaintiffs to submit an application for attorney fees and costs. (*Id.* at 6.)

Plaintiffs timely submitted an application for attorney fees. (*See* Dkt. Nos. 26 at 5, 29 at 1.) In total, Plaintiffs' counsel declares that his firm has spent at least 109.5 hours directly relating to the collection of the amounts due Plaintiffs, for a total of $24,745.00. (Dkt. No. 30 at 2.) Attorney Jeffrey G. Maxwell has been in private practice since 2003. (*Id.* at 1.) He has worked over 103 hours on this matter. (*See id.* at 4–11.) His hourly rate is $235, which he declares is consistent with or lower than the market rate for lawyers who primarily practice ERISA litigation. (*Id.* at 1–2.) Other staff spent over 6 hours at an hourly rate of $90. (*Id.*) Plaintiffs have also incurred $519.00 in costs relating to the filing of this action. (*Id.* at 2, 13.) Defendant has not filed a response to Plaintiffs' application.

        i.  *Lodestar Calculation*

Plaintiffs' counsel's rates are consistent with the rates charged by other firms in the Puget Sound area and approved by this Court. *See, e.g.*, *Campbell v. Catholic Cmty. Servs. of W. Washington*, No. C10-1579-JCC, Dkt. No. 120 at 3 (W.D. Wash. Aug. 8, 2012) ($350/partner, $250/associates, $125/support staff). Therefore, the Court finds counsel's rates reasonable. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Having reviewed counsel's billing records, the Court concludes that the hours were reasonably expended. (*See* Dkt. No. 30 at 2–11.) Multiplying the attorney's reasonable hourly rates to the total hours expended, the Court finds that the lodestar figure is $24,745.00.

        ii.  *Upward or Downward Adjustment*

After determining the lodestar, a district court can adjust the figure upward or downward by considering various factors that were not part of its lodestar calculation. *See Kelly*, 822 F.3d at 1099; *Kerr*, 526 F.2d at 70. Plaintiffs' counsel effectively and efficiently litigated the case, achieving a favorable result for his clients. Thus, there is no basis for a downward adjustment.

There is also nothing in the nature of Plaintiffs' claims or the conduct of this lawsuit that warrants an upward adjustment. Thus, the factors set forth in *Kerr* do not warrant an increase or reduction in the lodestar figure. *See Kelly*, 822 F.3d at 1099; *Kerr*, 526 F.2d at 70. Therefore, the Court finds this lodestar figure represents a reasonable award of Plaintiffs' attorney fees.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Dkt. No. 28) is DENIED. Plaintiffs' application for attorney fees (Dkt. No. 29) is GRANTED. Defendant shall pay Plaintiffs $24,745.00 in attorney fees, as allowed under ERISA, 29 U.S.C. §1132(g), and Defendant shall reimburse Plaintiffs $519.00 for costs.

DATED this 7th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE